IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

JOHN GRAY,

    Petitioner,

v.                                                       Civil Action No.: ELH-20-1976

WARDEN OF JCI,
  MARYLAND ATTORNEY GENERAL,

    Respondents.

**MEMORANDUM**

Petitioner John Gray, who is self-represented, filed a Petition For Writ Of Habeas Corpus, pursuant to 28 U.S.C. § 2254. ECF 1 (the "Petition"). The Petition concerns his 1995 conviction in the Circuit Court for Baltimore City for first-degree murder and related offenses. *Id.* Petitioner also filed a memorandum of law in support of the Petition, explaining his claims in more detail. ECF 6. Respondents filed a "Limited Answer," asserting that the Petition is untimely and subject to dismissal. ECF 7. They also provided portions of the court record. ECF 7-1. Gray filed a reply. Additionally, petitioner filed motions for bail (ECF 13) and for an evidentiary hearing. ECF 14.

"In deciding whether to grant an evidentiary hearing, a federal court must consider whether such a hearing could enable an applicant to prove the petition's factual allegations, which, if true, would entitle the applicant to federal habeas relief." *Schriro v. Landrigan*, 550 U.S. 465, 474 (2007). No hearing is necessary in this case. Petitioner's motion for evidentiary hearing shall be denied. *See* Rule 8(a), *Rules Governing Section 2254 Cases in the United States District Courts* and Local Rule 105.6 (D. Md. 2018); *see also Fisher v. Lee*, 215 F.3d 438, 455 (4th Cir. 2000) (petitioner not entitled to a hearing under 28 U.S.C. §2254(e)(2)). For the reasons that follow, the

Petition shall be dismissed as untimely and a certificate of appealability shall not issue. Consequently, petitioner's motion for release on bail shall also be denied.

## I.   Background

On November 28, 1995, petitioner entered a guilty plea in the Circuit Court for Baltimore City to charges of first-degree murder, use of a handgun in the commission of a crime of violence, and robbery with a deadly weapon. ECF 7-1 at 3.[1] On the same date, petitioner was sentenced to life imprisonment, with all but 50 years suspended. *Id*. at 5.[2]

Gray filed a motion for modification of sentence on February 23, 1996. ECF 7-1 at 5. It was denied five days later. *Id.*

Petitioner filed a petition for post-conviction relief in the Circuit Court for Baltimore City on November 15, 2005. ECF 7-1 at 6. A hearing was held on August 17, 2006. *Id.* at 7. The court denied post-conviction relief on March 2, 2007. *Id*.

Petitioner filed an application for leave to appeal the denial of post-conviction relief. ECF 7-1 at 7. The circuit court struck it as untimely. *Id.* at 8. Petitioner filed a motion for reconsideration on May 15, 2007, which was denied on June 18, 2007. *Id.*

Petitioner also filed a "motion for writ of certiorari" in the Maryland Court of Appeals. *Id.* at 8. The motion was forwarded to the Court of Special Appeals and construed as an application for leave to appeal the circuit court's order denying petitioner's motion for reconsideration. *Id.* The Court of Special Appeals denied the application for leave to appeal. *See Gray v. State*, Leave

---

[1] Page cites to the record reference the page numbers assigned by the court's electronic docketing system and may differ from the page cites in the parties' submissions.

[2] Curiously, Respondents assert that Petitioner received a sentence of life imprisonment. ECF 7 at 4. But, the docket reflects that he received a life sentence, with all but 50 years suspended. ECF 7-1 at 5.

to Appeal Docket No. 3126, Sept. Term 2007 (filed Oct. 2, 2009), *cert. denied*, 412 Md. 495 (2010).

Gray filed a petition for writ of error coram nobis on September 7, 2011, which the circuit court denied on December 18, 2012. ECF 7-1 at 9 and 11. Gray filed this Petition on May 21, 2020. It was docketed on July 2, 2020. ECF 1.

Petitioner asserts the following claims in his Petition: (1) that the circuit court "lacked jurisdiction over the natural living breathing person (John Gray) and subject jurisdiction was lost" (ECF 1 at 7); (2) effective denial of access to the courts due to the false claim that petitioner's transcripts were lost (*id*. at 10-11); (3) his Fourth Amendment rights were violated (*id*. at 17); and (4) ineffective assistance of counsel (*id*. at 19).

## II.     Discussion

Under the provisions of 28 U.S.C. § 2244(d)(1), a one-year limitation period applies to an application for habeas corpus by a person for a writ of in State custody. That period runs from the latest of:

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

However, under § 2244(d)(2), "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection." Although the statute is silent as to how it should be applied to persons, such as petitioner, whose convictions were finalized before April 24, 1996, it has been clearly established that such persons had one year from the effective date, *i.e.*, until April 24, 1997, to file a petition for writ of habeas corpus in federal court. *Hernandez v. Caldwell*, 225 F. 3d 435, 439 (4th Cir. 2000) (clarifying the filing deadline as April 24, 1997).

Petitioner falls within the category of prisoners who were convicted prior to the passage of the Antiterrorism and Effective Death Penalty Act of 1996. Therefore, his Petition should have been filed on or before April 24, 1997. Further, none of petitioner's post-conviction filings operated to toll the limitations period because they were filed after the expiration of the limitations period.

Notably, "the one year limitation period is also subject to equitable tolling in 'those rare instances where' due to circumstances external to the party's own conduct 'it would be unconscionable to enforce the limitation against the party.'" *Hill v. Braxton*, 277 F.3d 701, 704 (4th Cir. 2002) (citing *Harris v. Hutchinson*, 209 F.3d 325, 330 (4th Cir. 2000)). To be entitled to equitable tolling, a petitioner must establish that either some wrongful conduct by Respondents contributed to his delay in filing his petition or that circumstances that were beyond his control caused the delay. *See Harris*, 209 F.3d at 330. "[A]ny resort to equity must be reserved for those rare instances where . . . it would be unconscionable to enforce the limitation period against the party and gross injustice would result." *Id*.

Petitioner contends that his Petition is timely because he is "arguing that he is being unlawfully detained, restrained of his liberty in violation of the U.S. Constitution and [is] not attacking the state courts conviction or sentence, as the unlawful detention occurred prior to the courts conviction and sentence . . . and are of a[n] equitable nature." ECF 11 at 10. In his view, his claim that he was unlawfully arrested or detained is one that may be raised at any time pursuant to 28 U.S.C. § 2241. *Id.* This argument is without merit.

A federal habeas petition filed by a person in custody pursuant to the judgment of a State court must be treated as a petition filed pursuant to 28 U.S.C. § 2254, "even if they challenge the execution of a state sentence." *In re Wright*, 826 F.3d 774, 779 (4th Cir. 2016). Further, "[g]uilty pleas are protected by a strong presumption, one 'deeply rooted in our jurisprudence'—the presumption of regularity. *United States v. Locke*, 932 F.3d 196, 199 (4th Cir. 2019) (quoting *Parke v. Raley*, 506 U.S. 20, 29 (1992)). Under that principle, "guilty pleas are presumed to be valid." *Id*. Any claimed procedural irregularity in petitioner's arrest or the manner in which he was charged were waived when petitioner entered a guilty plea. *See Parke*, 506 U.S. at 29 (presumption of regularity applies "even when the question is waiver of constitutional rights"). Adoption of petitioner's view that certain claims regarding jurisdiction are not subject to the filing limitations contained in 28 U.S.C. § 2244 has no basis in law and would operate to render the statute a nullity. The argument does not support a finding that the limitations period should be tolled.

The claim asserted by petitioner that identifies a possible reason for the untimely filing is the claim that the transcript of the guilty plea proceeding was not made available to him, denying him access to the courts. This court addressed Gray's claim against the State of Maryland, the Clerk of the Circuit Court for Baltimore City, and the chief court reporter for that court in a civil

action filed by petitioner in 2011.  *See* ECF 7-1 at 21-31 (*Gray v. Cir. Ct. for Balt. City, et al.*, Civil Action ELH-11-3549 (D. Md.) at ECF 3).  In particular, this court dismissed petitioner's complaint alleging violations of his First Amendment right of access to the courts, substantive due process, and equal protection as well as his claim that he was subjected to discriminatory conduct by the defendants.[3]  *Id*.  In doing so, this court observed, ECF 7-1 at 29:

> Gray's claim that he has been denied meaningful access to the courts by Madden [a court reporter] and Frank Conway, Clerk of the Circuit Court for Baltimore City, must also fail. Gray's Application for Leave to Appeal the post-conviction court's denial of relief was untimely.  His inability to obtain appellate review of the merits of his claim had nothing to do with the absence of any particular records in his case.  Moreover, Gray admits that the post-conviction court ultimately reviewed the tape of his guilty plea proceeding and referenced the tape numerous times; thus, the post-conviction court's review of his claim was not incomplete, as he initially claimed.  Gray's chief complaint is that he was unable to review the tape himself to insure that the circuit court judge did not misstate what occurred during the hearing.  This grievance appears to have also been his concern with respect to the post-conviction hearing, as indicated by his letters attempting to obtain a copy of the tape recording of that hearing. Thus, Gray cannot show an "actual injury" resulting from any acts or failures to act by Madden or Conway. *See Lewis v. Casey*, 518 U.S. 343, 349 (1996) ("The requirement that an inmate alleging a violation of *Bounds* [*v. Smith*, 430 U.S. 817 (1977)] must show actual injury derives ultimately from the doctrine of standing, a constitutional principle that prevents courts of law from undertaking tasks assigned to the political branches.")

Petitioner states that this court dismissed his civil action without prejudice.  ECF 11 at 12-13.  He is mistaken.  The complaint was dismissed with prejudice on January 6, 2012 (Civil Action ELH-11-3549 at ECF 4) and petitioner did not seek appellate review.

---

[3] Specifically, petitioner alleged, ECF 7-1 at 22-23:

[T]hat his rights were violated because he was denied a copy of a transcript of his guilty plea proceeding, which occurred on November 28, 1995; denied a copy of a tape recording of the guilty plea proceeding; denied a copy of his post-conviction transcript; and was not provided with proper notice before the tape recording of the guilty plea was destroyed.  He also claims the Clerk of the Circuit Court for Baltimore City did not properly transmit the record of his post-conviction case to the Clerk of the Maryland Court of Special Appeals.

Of relevance here, petitioner knew about the absence of a recording of the guilty plea proceeding more than 10 years ago, yet he did not file his habeas corpus petition in this court until more than 10 years had passed. Thus, even if the absence of the transcript could serve as a valid reason for some delay, it does not serve to excuse the lengthy delay at issue here. *See Parke*, 506 U.S. at 30 ("On collateral review, we think it defies logic to presume from the mere unavailability of a transcript (assuming no allegation that the unavailability is due to governmental misconduct) that the defendant was not advised of his rights."). As indicated by this court in the prior civil action, governmental misconduct was not the reason the transcript was unavailable, nor was it the reason petitioner was unable to seek appellate review of the post-conviction court's decision denying relief.

Equitable tolling, as noted *supra*, is reserved for rare instances where it would be "unconscionable to enforce the limitation period against the party and gross injustice would result." *Harris*, 209 F.3d at 330. Here, petitioner has not delineated any viable basis for finding that the limitations period should be equitably tolled to excuse the more than 20-year delay in filing his federal habeas petition. Consequently, the petition shall be dismissed as untimely.

When a district court dismisses a habeas petition solely on procedural grounds, a certificate of appealability will not issue unless the petitioner can demonstrate both "(1) 'that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right' and (2) 'that jurists of reason would find it debatable whether the district court was correct in its procedural ruling.'" *Rose v. Lee,* 252 F.3d 676, 684 (4th Cir. 2001) (quoting *Slack v. McDaniel,* 529 U.S. 473, 484 (2000)).

In my view, petitioner cannot demonstrate a basis for issuance of a certificate of appealability. Therefore, I decline to issue one. Nevertheless, Gray may still request that the

United States Court of Appeals for the Fourth Circuit issue such a certificate. *See Lyons v. Lee*, 316 F.3d 528, 532 (4th Cir. 2003) (considering whether to grant a certificate of appealability after the district court declined to issue one).

      A separate Order follows.


April 19, 2021                                                   /s/
Date                                                            Ellen L. Hollander
                                                                United States District Judge