IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

JOHN GRAY,

   Petitioner,

v.

WARDEN OF JCI,
  MARYLAND ATTORNEY GENERAL,

   Respondents.

Civil Action No.: ELH-20-1976

**MEMORANDUM**

Petitioner John Gray, who is self-represented, filed a Petition For Writ Of Habeas Corpus, pursuant to 28 U.S.C. § 2254. ECF 1 (the "Petition"). The Petition concerns his 1995 conviction in the Circuit Court for Baltimore City for first degree murder and related offenses. *Id.* Petitioner also filed a memorandum of law in support of the Petition, explaining his claims in more detail. ECF 6. Additionally, petitioner filed motions for bail (ECF 13) and for an evidentiary hearing. ECF 14.

By Memorandum (ECF 15) and Order (ECF 16) of April 19, 2021, this court denied the motions for release on bail (ECF 13) and for an evidentiary hearing (ECF 14). In addition, the Court dismissed the Petition (ECF 1) as untimely. And, the court expressly declined to issue a certificate of appealability. ECF 15; ECF 16.

Thereafter, Gray filed a "Request For Issuance Of A Certificate Of Appealability" (ECF 17), along with an appeal to the U.S. Court of Appeals for the Fourth Circuit. ECF 18. The Fourth Circuit has directed this court to address Mr. Gray's request for a certificate of appealability. ECF 17 at 1.

Mr. Gray asserts that this court erred because it did not address all of his contentions in the Petition. ECF 17 at 2. In particular, he claims that this Court did not address three of his grounds in support of his claim that he was denied access to the courts. *Id.* at 2-3. Further, he complains that the Court applied 28 U.S.C. § 2254 to his Petition, instead of 28 U.S.C. § 2241; improperly denied his request for an evidentiary hearing to consider his denial of access to the courts and his challenge to the State court's jurisdiction; and incorrectly found that Mr. Gray's appeal from the denial of post-conviction relief was untimely. ECF 17 at 3-4.

Relevant to the issues raised by Mr. Gray, this court said in its Memorandum, ECF 15 at 4-6:

> Petitioner falls within the category of prisoners who were convicted prior to the passage of the Antiterrorism and Effective Death Penalty Act of 1996. Therefore, his Petition should have been filed on or before April 24, 1997. Further, none of petitioner's post-conviction filings operated to toll the limitations period because they were filed after the expiration of the limitations period.
>
> Notably, "the one year limitation period is also subject to equitable tolling in 'those rare instances where' due to circumstances external to the party's own conduct 'it would be unconscionable to enforce the limitation against the party.'" *Hill v. Braxton*, 277 F.3d 701, 704 (4th Cir. 2002) (citing *Harris v. Hutchinson*, 209 F.3d 325, 330 (4th Cir. 2000)). To be entitled to equitable tolling, a petitioner must establish that either some wrongful conduct by Respondents contributed to his delay in filing his petition or that circumstances that were beyond his control caused the delay. *See Harris*, 209 F.3d at 330. "[A]ny resort to equity must be reserved for those rare instances where . . . it would be unconscionable to enforce the limitation period against the party and gross injustice would result." *Id.*
>
> Petitioner contends that his Petition is timely because he is "arguing that he is being unlawfully detained, restrained of his liberty in violation of the U.S. Constitution and [is] not attacking the state courts conviction or sentence, as the unlawful detention occurred prior to the courts conviction and sentence . . . and are of a[n] equitable nature." ECF 11 at 10. In his view, his claim that he was unlawfully arrested or detained is one that may be raised at any time pursuant to 28 U.S.C. § 2241. *Id.* This argument is without merit.

2

A federal habeas petition filed by a person in custody pursuant to the judgment of a State court must be treated as a petition filed pursuant to 28 U.S.C. § 2254, "even if they challenge the execution of a state sentence." *In re Wright*, 826 F.3d 774, 779 (4th Cir. 2016). Further, "[g]uilty pleas are protected by a strong presumption, one 'deeply rooted in our jurisprudence'—the presumption of regularity. *United States v. Locke*, 932 F.3d 196, 199 (4th Cir. 2019) (quoting *Parke v. Raley*, 506 U.S. 20, 29 (1992)). Under that principle, "guilty pleas are presumed to be valid." *Id.* Any claimed procedural irregularity in petitioner's arrest or the manner in which he was charged were waived when petitioner entered a guilty plea. *See Parke*, 506 U.S. at 29 (presumption of regularity applies "even when the question is waiver of constitutional rights"). Adoption of petitioner's view that certain claims regarding jurisdiction are not subject to the filing limitations contained in 28 U.S.C. § 2244 has no basis in law and would operate to render the statute a nullity. The argument does not support a finding that the limitations period should be tolled.

The claim asserted by petitioner that identifies a possible reason for the untimely filing is the claim that the transcript of the guilty plea proceeding was not made available to him, denying him access to the courts. This court addressed Gray's claim against the State of Maryland, the Clerk of the Circuit Court for Baltimore City, and the chief court reporter for that court in a civil action filed by petitioner in 2011. *See* ECF 7-1 at 21-31 (*Gray v. Cir. Ct. for Balt. City, et al.*, Civil Action ELH-11-3549 (D. Md.) at ECF 3). In particular, this court dismissed petitioner's complaint alleging violations of his First Amendment right of access to the courts, substantive due process, and equal protection as well as his claim that he was subjected to discriminatory conduct by the defendants.[3] *Id.* In doing so, this court observed, ECF 7-1 at 29:

> Gray's claim that he has been denied meaningful access to the courts by Madden [a court reporter] and Frank Conway, Clerk of the Circuit Court for Baltimore City, must also fail. Gray's Application for Leave to Appeal the post-conviction court's denial of relief was untimely. His inability to obtain appellate review of the merits of his claim had nothing to do with the absence of any particular records

---

[3] Specifically, petitioner alleged, ECF 7-1 at 22-23:

[T]hat his rights were violated because he was denied a copy of a transcript of his guilty plea proceeding, which occurred on November 28, 1995; denied a copy of a tape recording of the guilty plea proceeding; denied a copy of his post-conviction transcript; and was not provided with proper notice before the tape recording of the guilty plea was destroyed. He also claims the Clerk of the Circuit Court for Baltimore City did not properly transmit the record of his post-conviction case to the Clerk of the Maryland Court of Special Appeals.

in his case. Moreover, Gray admits that the post-conviction court ultimately reviewed the tape of his guilty plea proceeding and referenced the tape numerous times; thus, the post-conviction court's review of his claim was not incomplete, as he initially claimed. Gray's chief complaint is that he was unable to review the tape himself to insure that the circuit court judge did not misstate what occurred during the hearing. This grievance appears to have also been his concern with respect to the post-conviction hearing, as indicated by his letters attempting to obtain a copy of the tape recording of that hearing. Thus, Gray cannot show an "actual injury" resulting from any acts or failures to act by Madden or Conway. *See Lewis v. Casey*, 518 U.S. 343, 349 (1996) ("The requirement that an inmate alleging a violation of *Bounds* [*v. Smith*, 430 U.S. 817 (1977)] must show actual injury derives ultimately from the doctrine of standing, a constitutional principle that prevents courts of law from undertaking tasks assigned to the political branches.")

Petitioner states that this court dismissed his civil action without prejudice. ECF 11 at 12-13. He is mistaken. The complaint was dismissed with prejudice on January 6, 2012 (Civil Action ELH-11-3549 at ECF 4) and petitioner did not seek appellate review.

Of relevance here, petitioner knew about the absence of a recording of the guilty plea proceeding more than 10 years ago, yet he did not file his habeas corpus petition in this court until more than 10 years had passed. Thus, even if the absence of the transcript could serve as a valid reason for some delay, it does not serve to excuse the lengthy delay at issue here. *See Parke*, 506 U.S. at 30 ("On collateral review, we think it defies logic to presume from the mere unavailability of a transcript (assuming no allegation that the unavailability is due to governmental misconduct) that the defendant was not advised of his rights."). As indicated by this court in the prior civil action, governmental misconduct was not the reason the transcript was unavailable, nor was it the reason petitioner was unable to seek appellate review of the post-conviction court's decision denying relief.

Equitable tolling, as noted *supra*, is reserved for rare instances where it would be "unconscionable to enforce the limitation period against the party and gross injustice would result." *Harris*, 209 F.3d at 330. Here, petitioner has not delineated any viable basis for finding that the limitations period should be equitably tolled to excuse the more than 20-year delay in filing his federal habeas petition. Consequently, the petition shall be dismissed as untimely.

This court also said, ECF 15 at 7-8:

> When a district court dismisses a habeas petition solely on procedural grounds, a certificate of appealability will not issue unless the petitioner can

4

demonstrate both "(1) 'that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right' and (2) 'that jurists of reason would find it debatable whether the district court was correct in its procedural ruling.'" *Rose v. Lee,* 252 F.3d 676, 684 (4th Cir. 2001) (quoting *Slack v. McDaniel,* 529 U.S. 473, 484 (2000)).

In my view, petitioner cannot demonstrate a basis for issuance of a certificate of appealability. Therefore, I decline to issue one. Nevertheless, Gray may still request that the United States Court of Appeals for the Fourth Circuit issue such a certificate. *See Lyons v. Lee*, 316 F.3d 528, 532 (4th Cir. 2003) (considering whether to grant a certificate of appealability after the district court declined to issue one).

To the extent that the request for a certificate of appealability is addressed to this court, Mr. Gray simply expresses disagreement with the grounds for dismissal of his Petition, *i.e.*, that it is time-barred and that there is no basis for tolling the limitations period to allow Mr. Gray to file his petition more than 20 years after the deadline passed. Mr. Gray's assertion that his Petition should have been interpreted as one filed pursuant to 28 U.S.C. § 2241 is without merit. The Fourth Circuit has said that, "regardless of how they are styled, federal habeas petitions of prisoners who are 'in custody pursuant to the judgment of a State court' should be treated as 'applications under section 2254' for purposes of § 2244(b), even if they challenge the execution of a state sentence." *In re Wright*, 826 F.3d 774, 779 (4th Cir. 2016).

Mr. Gray asserts that his case presents an unusual circumstance and therefore a certificate of appealability should issue. ECF 17 at 4. To the contrary, Mr. Gray's guilty plea on November 28, 1995, followed by post-conviction proceedings initiated approximately ten years later, is neither factually unusual nor complex. Simply put, the Petition was not filed within the time required and Mr. Gray did not present a feasible argument to toll the limitations period.

5

As this court noted earlier, "petitioner cannot demonstrate a basis for issuance of a certificate of appealability." ECF 15 at 7. Therefore, I again decline to issue a certificate of appealability.[1]

An Order follows.

September 9, 2021 /s/
Date Ellen L. Hollander
United States District Judge

---

[1] As I said previously, ECF 15 at 7-8, Mr. Gray may ask the Fourth Circuit to issue such a certificate.