# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MARYLAND

JOHN GRAY,

   Petitioner,

v.

WARDEN OF JCI,
MARYLAND ATTORNEY GENERAL,

   Respondents.

Civil Action No.:  ELH-20-1976

## **MEMORANDUM**

Petitioner John Gray has filed a motion to alter or amend judgment.  ECF 23.  It was filed after this court issued a Memorandum (ECF 21) and Order (ECF 22) on September 9, 2021, denying Gray's motion for a certificate of appealability.  *See* ECF 17.  The motion was also filed after Gray filed a notice of appeal to the Court of Appeals for the Fourth Circuit (ECF 18) and one week before his appeal was dismissed by that Court.  *See* ECF 24.  Thereafter, Mr. Gray filed another notice of appeal.  ECF 25.  However, by letter dated November 3, 2021, the Court of Appeals for the Fourth Circuit advised that Gray's appeal would be docketed as of the date of this court's Order disposing of his pending motion.  ECF 27.

To be entitled to relief under Fed. R. of Civ. P. 59, Mr. Gray must establish that this court's decision should be amended "(1) to accommodate an intervening change in controlling law; (2) to account for new evidence not available at trial; or (3) to correct a clear error of law or prevent manifest injustice."  *Zinkand v. Brown*, 478 F.3d 634, 637 (4th Cir. 2007) (internal quotations omitted); *see United States ex rel Carter v. Halliburton Co.*, 866 F. 3d 199, 210-11 (4th Cir. 2017), *cert. denied*, 138 S. Ct. 2674 (2018) (Mem.); *Ingle ex rel. Estate of Ingle v. Yelton*, 439 F.3d 191, 197 (4th Cir. 2006); *U.S. ex rel. Becker v. Westinghouse Savannah River Co.*, 305 F.3d 284, 290

(4th Cir. 2002), *cert. denied*, 538 U.S. 1012 (2003); *E.E.O.C. v. Lockheed Martin Corp., Aero & Naval Sys.*, 116 F.3d 110, 112 (4th Cir. 1997). A motion which is not received within 28 days of the date of the adverse judgment must be construed as one filed pursuant to Fed. R. Civ. P. 60. *See Robinson v. Wix Filtration Corp. LLC*, 599 F.3d 403, 412 (4th Cir. 2010) (citing *Small v. Hunt*, 98 F.3d 789, 797 (4th Cir. 1996)); *see also Vaughan v. Murray,* 70 F.3d 114 (4th Cir. 1995) (unpublished).

Rule 60 permits relief from a judgment or order of this court in order to correct clerical mistakes, oversights, and omissions. Fed. R. Civ. Proc. 60(a). A party may also be granted relief from judgment on motion for the following reasons: (1) mistake, inadvertence, surprise or excusable neglect; (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud, misrepresentation, or misconduct by an opposing party; (4) the judgment is void; (5) the judgment has been satisfied, release, or discharged; (6) any other reason that justifies relief. Fed. R. Civ. Proc. 60(b). It is within this court's discretion to grant or deny a motion filed pursuant to Rule 60(b). *See Nat'l Credit Union Admin. Bd. v. Gray*, 1 F.3d 262, 265 (4th Cir. 1993).

The rule does not contemplate its substitution for appellate review of a district court's decision. To the extent a party is aggrieved by a judgment and asserts it is void, Rule 60(b) is not the proper vehicle to mount that challenge. "'[A] judgment is not void merely because it is erroneous. It is void only if the court that rendered it lacked jurisdiction of the subject matter, or of the parties, or if it acted in a manner inconsistent with due process of law.'" *Eberhardt v. Integrated Design & Const., Inc*., 167 F.3d 861, 871 (4th Cir. 1999) (quoting *Schwartz v. United States,* 976 F.2d 213, 217 (4th Cir.1992)) (quoting 11 Wright & Miller, *Federal Practice and Procedure* § 2862 at 198-200 (1973)).

2

Mr. Gray's motion to alter or amend was filed on October 4, 2021. ECF 23 at 12. The dismissal of his petition occurred on April 19, 2021. ECF 15; ECF 16. Therefore, the pending motion shall be construed as one filed pursuant to Rule 60.

In Mr. Gray's motion for certificate of appealability, he claimed that this court did not address three of the grounds in support of his claim that he was denied access to the courts. ECF 17 at 2-3. He also complained that this court's application of the requirements found in 28 U.S.C. § 2254 was improper because he filed it pursuant to 28 U.S.C. § 2241; that this court improperly denied his request for an evidentiary hearing to consider his denial of access to the courts and a challenge to the State court's jurisdiction; and improperly found that his appeal from the denial of post-conviction relief was untimely. *Id*. at 3-4.

In Mr. Gray's motion to alter or amend judgment he claims that this court did not address his "three additional claims of denial of access to the courts," which he characterizes as fraud; this court did not "use the miscarriage of justice standard" in considering his claim that he was denied counsel at his post-conviction hearing; the State court did not have jurisdiction "to carry out any action" against him constituting "a fundamental defect" and requiring this court to use the "miscarriage of justice standard;" and it was error for this court not to recognize that he can seek relief under both § 2241 and § 2254 as a person convicted in State court. ECF 23 at 2.

Mr. Gray's petition for writ of habeas corpus was dismissed as untimely and this court found that there was no basis for tolling the limitations period to allow Mr. Gray to file his petition more than 20 years after the deadline had passed. ECF 15 at 4-6. As such, this court did not address the merits of Mr. Gray's claims concerning his conviction. As stated in this court's Memorandum denying Mr. Gray's motion for certificate of appealability (ECF 21), he simply disagrees with the basis on which his petition was dismissed. *Id.* at 5. Each of the claims asserted

by Mr. Gray in the pending motion were addressed by this court, either in the Memorandum dismissing the petition as untimely, or the Memorandum denying Mr. Gray's motion for a certificate of appealability.

Petitioner's reiteration of the contentions he raised in his motion for a certificate of appealability does not state a basis for relief under Fed. R. Civ. P. 60. To be entitled to relief under Rule 60(b), the movant must demonstrate the existence of a meritorious claim or defense. *See Compton v. Alton Steamship Co.*, 608 F.2d 96, 102 (4th Cir. 1979). When the motion is based on assertions of fraud, misrepresentation, or misconduct, the movant "must also prove the misconduct complained of by clear and convincing evidence and demonstrate that such misconduct prevented him from fully and fairly presenting his claim or defense." *Square Const. Co. v. Washington Metropolitan Area Transit Authority*, 657 F.2d 68, 71 (4th Cir. 1981).

Mr. Gray has not demonstrated the existence of a meritorious claim or defense, nor has he proved any misconduct by clear and convincing evidence. His motion shall be denied for the same reasons that led this court to deny his motion for a certificate of appealability. *See* ECF 21.

An Order follows.

November 9, 2021  /s/
Date  Ellen L. Hollander
  United States District Judge